UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| THOMAS FERGUSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:20-cv-00021-JDL |
| | ) | |
| WARDEN, MAINE STATE PRISON, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON MOTION TO STAY**

In this action, Petitioner seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Petitioner argues that his state court conviction for murder and elevated aggravated assault should be vacated because, according to Petitioner, the state introduced false evidence, the verdict was not supported by sufficient evidence, and his counsel provided ineffective assistance. (Petition at 6 – 11.) The State notes that Petitioner initiated a state postconviction proceeding shortly before filing the federal petition, and therefore asks the Court to dismiss the petition without prejudice for failing to exhaust state remedies. (Answer, ECF No. 7.) Petitioner asks the Court to stay consideration of the federal petition while he completes the state postconviction process. (Motion to Stay, ECF No. 6.)

After a review of the record and after consideration of the issues generated by Petitioner's concurrent state court petition for postconviction relief, the Court defers ruling on the motion to stay.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In November 2015, Petitioner was charged with one count of murder in violation of 17-A M.R.S. § 201(1)(A) and one count of elevated aggravated assault in violation of 17-A M.R.S. § 208-B(1)(A). (*State v. Ferguson*, Me. Super. Ct., PENCD-CR-2015-04405, Docket Record at 1).[1] After a bench trial in May and June 2017, the Superior Court found Petitioner guilty on both counts. (*Id.* at 8–10.) In January 2018, the Superior Court sentenced Petitioner to fifty years of imprisonment for the murder and twenty-five years of imprisonment for the elevated aggravated assault, to be served concurrently. (*Id.* at 12–13.)

Petitioner appealed from the conviction and argued that: (1) the evidence was insufficient to support the court's findings, including the ultimate conclusion that he was at least an accomplice in the shooting that is the basis of the charges; (2) the State introduced perjured testimony; (3) the court improperly allowed unreliable eyewitness identifications; and (4) the court erred in certain evidentiary rulings. *State v. Ferguson*, 2019 ME 10, ¶ 1, 200 A.3d 272, 275. The Law Court affirmed the conviction in January 2019. (*Id.*) Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, the State contends that Petitioner's conviction and sentence became final on April 25, 2019. (Answer at 3.)

Petitioner signed a state court postconviction petition on January 9, 2020, which was filed on January 17, 2020, four days before Petitioner filed his federal petition.

---

[1] The grand jury subsequently returned an indictment which also added one count of tampering with a witness, but the State later dropped the charge. (*Id.* at 2, 8.)

(*Ferguson v. State*, Super. Ct. PENCD-CR-2020-00272, State Court Petition at 7; *see also*, State Court Record at 28, ECF No. 7-1.)

## DISCUSSION

Petitioner moves the Court for a stay of this federal habeas proceeding pending resolution of the state postconviction petition alleging some of the same grounds for relief. The circumstances present several intersecting procedural issues for Petitioner. *See Nowaczyk v. Warden*, 299 F.3d 69, 82 (1st Cir. 2002) (noting that in certain circumstances, "pro se prisoners seeking to adjudicate their constitutional claims in federal court must satisfy several complex procedural requirements that often are difficult even for courts to decipher.")

Federal courts generally may not grant an application for a writ of habeas corpus unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "The exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila*, 137 S. Ct. at 2064 (internal quotations and modifications omitted). A "mixed petition" contains one or more exhausted claims and one or more unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The "total exhaustion rule" requires district courts to dismiss mixed petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510, 522.

Petitioner might have exhausted some grounds, including his due process claims concerning the sufficiency of the evidence and perjured testimony[2], but apparently had not exhausted other grounds, including his ineffective assistance of counsel claims. Through his request for a stay, therefore, Petitioner asks the Court to stay its consideration of one or more exhausted claims until after the completion of a pending state proceeding addressing his unexhausted claims.

Prisoners who consider proceeding only on the exhausted claims must be wary of the gatekeeping provisions governing second or successive petitions. *See* 28 U.S.C. § 2244(b); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). A prisoner who chooses to pursue one or more exhausted claims to a decision on the merits will be unable to initiate a second federal petition after pursuing state remedies on the previously unexhausted claims unless the federal court of appeals determines the second petition is based on either newly discovered evidence of innocence or a new retroactively applicable rule of constitutional law. *See* 28 U.S.C. §§ 2244(b)(2), (b)(3)(A); *Bucci v. United States*, 809 F.3d 23, 25–26 (1st Cir. 2015). On the other hand, prisoners who consider dismissing a mixed petition without prejudice must be wary of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). The one-year clock generally pauses—but does not reset—during state postconviction proceedings, but the one-year clock generally does not pause during prior federal habeas proceedings. *See Duncan v. Walker*, 533 U.S. 167, 181 – 82 (2001).

---

[2] However, the false testimony due process claim is exhausted only as to the evidence in the record from trial and direct appeal. The claim is not exhausted to the extent that Petitioner now alleges new evidence concerning his false testimony arguments.

4

Therefore, a petitioner who seeks to preserve the opportunity for later federal review of the previously unexhausted claims should carefully consider how much time (if any) remains of the one-year period, which can block later federal review of both the exhausted and previously unexhausted claims. *See e.g.*, *Gaskins v. Duval*, 640 F.3d 443, 449 (1st Cir. 2011).

In certain circumstances, however, a third option might be available. As a result of the one-year statute of limitations for federal habeas petitions, district courts also have the authority to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Because that process, "if employed too frequently," would undermine the mandate for petitioners to assert timely all their claims together to state court before bringing any claims to federal court, a stay "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 276 – 77; *see also*, *DeLong*, 715 F.3d at 386 – 87. However, Petitioner has not explained any reasons why he filed his federal petition before fully exhausting all of the claims in state court. In fact, Petitioner has not specifically alleged how the claims asserted in this Court compare to the claims asserted in state court. To this point, therefore, Petitioner has not demonstrated good cause for a stay.

When faced with a possible mixed petition in circumstances that do not warrant a stay, "the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims . . . [a]nd then, if the petitioner declines to dismiss the unexhausted claims, the district court should dismiss the entire petition without prejudice."

5

*DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013). This affords a petitioner a choice between (1) pursuing only the exhausted claims in federal court with the knowledge that any subsequent federal review of the previously unexhausted claims will likely face the gatekeeping provisions on second or successive petitions, or (2) withdrawing from federal court while pursuing state remedies with the knowledge that subsequent federal review of all claims will be subject to the one-year statute of limitations.

To address the issues generated by Petitioner's filings, the Court orders Petitioner, on or before April 1, 2020, to: (1) identify any claims he is asserting in this Court that are different from the claims he has asserted in state court; (2) demonstrate good cause for his failure to exhaust all his claims in state court before commencing this action; and (3) notify the Court if he would prefer to pursue or dismiss without prejudice the exhausted claims in this Court should the Court deny the motion to stay. Upon review of Petitioner's submission, the Court will determine whether a stay or a dismissal without prejudice of Petitioner's § 2254 motion is appropriate.

## CONCLUSION

Based on the foregoing analysis, the Court defers ruling on Petitioner's motion to stay until after April 1, 2020, the date on which Petitioner must demonstrate good cause for a stay or otherwise inform the Court of his intentions.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 2nd day of March, 2020.

6