UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| THOMAS FERGUSON, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | 1:20-cv-00021-JDL |
| WARDEN, MAINE STATE PRISON, | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION
AND ORDER ON MOTION TO STAY**

Pursuant to 28 U.S.C. § 2254, Petitioner seeks relief from a state court judgment of conviction. (Petition, ECF No. 1.) Petitioner initiated a state postconviction proceeding shortly before filing his federal petition and asks the Court to stay consideration of the federal petition while he completes the state postconviction process. (Motion to Stay, ECF No. 6.) The State asks the Court to dismiss the petition without prejudice for failing to exhaust state remedies. (Answer, ECF No. 7.)

After a review of the record and after consideration of the issues generated by Petitioner's concurrent state court petition for postconviction relief, I deny the motion to stay and recommend the Court dismiss the petition without prejudice.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In November 2015, Petitioner was charged with one count of murder in violation of 17-A M.R.S. § 201(1)(A) and one count of elevated aggravated assault in violation of 17-A M.R.S. § 208-B(1)(A). (*State v. Ferguson*, Me. Super. Ct., PENCD-CR-2015-04405,

Docket Record at 1).[1]  After a bench trial in May and June 2017, the Superior Court found Petitioner guilty on both counts.  (*Id.* at 8–10.)  In January 2018, the Superior Court sentenced Petitioner to fifty years of imprisonment for the murder and twenty-five years of imprisonment for the elevated aggravated assault, to be served concurrently.  (*Id.* at 12–13.)

Petitioner appealed from the conviction, arguing that: (1) the evidence was insufficient to support the court's findings, including the ultimate conclusion that he was at least an accomplice in the shooting; (2) the State introduced perjured testimony; (3) the court improperly allowed unreliable eyewitness identifications; and (4) the court erred in certain evidentiary rulings.  *State v. Ferguson*, 2019 ME 10, ¶ 1, 200 A.3d 272, 275.  The Law Court affirmed the conviction in January 2019.  (*Id.*)  Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, the State contends that Petitioner's conviction and sentence became final on April 25, 2019.  (Answer at 3.)

Petitioner signed a state court postconviction petition on January 9, 2020, which was filed on January 17, 2020, four days before Petitioner filed his federal petition. (*Ferguson v. State*, Super. Ct. PENCD-CR-2020-00272, State Court Petition at 7; *see also*, State Court Record at 28, ECF No. 7-1.)  The Court interpreted Petitioner's filings as a mixed petition, ordered petitioner to show cause for a stay, and provided Petitioner with notice of his options as well as the legal consequences concerning second and successive petitions and the one-year statute of limitations.  (Order, ECF No. 8.)

---

[1] The grand jury subsequently returned an indictment which also added one count of tampering with a witness, but the State later dismissed that third charge.  (*Id.* at 2, 8.)

## DISCUSSION

After the Court ordered Petitioner to show cause for a stay, Petitioner informed the Court that his intent in filing his federal petition was to ensure that the limitations period paused while he pursued state postconviction remedies. (Response, ECF No. 9.) The one-year limitations period pauses automatically during any properly filed state postconviction proceedings. *See* 28 U.S.C. § 2244(d). Petitioner did not provide any other reason for his request for the stay. Because Petitioner did not provide a reason to justify his failure to exhaust state remedies before filing his federal petition, a stay would be inappropriate in these circumstances.

After the Court advised Petitioner of the consequences of filing a federal habeas petition without first fully exhausting all claims in the state courts, *see DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013), Petitioner explained that he wishes to preserve his ability to pursue all his claims after he exhausts the state postconviction process. Because a stay is not appropriate and because Petitioner intends to preserve and pursue all his postconviction claims, the dismissal of his federal petition without prejudice is warranted.

Petitioner is again reminded that if he wishes to preserve the opportunity for this Court to review his federal claims, he must (1) fairly present all of his claims in each appropriate state court (including the state supreme court with powers of discretionary review), *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004), and (2) file another federal petition within the one-year limitations period, which generally pauses—but does not reset—during state postconviction proceedings and generally does not pause during prior federal habeas proceedings. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## Conclusion

Based on the foregoing analysis, the Court denies Petitioner's motion to stay, and I recommend the Court dismiss Petitioner's § 2254 petition without prejudice.

## **NOTICE**

Any objection to the order denying the motion to stay shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within forty-four (44) days of being served with a copy thereof.[2] A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of March, 2020.

---

[2] Federal Rule of Civil Procedure 72(b)(2) provides for a 14-day objection period. The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)